**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

TICKET POLICY FORUM, INC., *et al.*,

Plaintiffs,

v.

DISTRICT OF COLUMBIA,

Defendant.

Case No. 26-cv-3577

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1, Plaintiffs Ticket Policy Forum, Inc., SeatGeek, Inc., Vivid Seats LLC, Gametime United, Inc., and TickPick, LLC respectfully move this Court to preliminarily enjoin Defendant District of Columbia from implementing or enforcing the Restricting Egregious Scalping Against Live Entertainment Amendment Act of 2026, D.C. Law No. L26-181 (D.C. Act 26-410) (the "Act"), against Plaintiffs and Ticket Policy Forum's members pending final judgment in this action.

The Act became law on September 25, 2026, and will apply on January 1, 2027. Plaintiffs therefore respectfully request a decision on this Motion by December 10, 2026, to prevent further irreparable harm and permit timely appellate review, if necessary.

As explained in the accompanying Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction, Plaintiffs satisfy each requirement for preliminary relief. *See Winter* v. *Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs are likely to succeed on the merits of their claims, have demonstrated irreparable harm, and have shown that the balance of equities and public interest favor preserving the status quo while this litigation proceeds.

No security should be required under Federal Rule of Civil Procedure 65(c). The District will suffer no quantifiable monetary injury from an order that maintains the status quo and temporarily prevents the District from enforcing the challenged law. Where, as here, "the government is the enjoined party and no concrete economic injury is established, . . . courts routinely waive the bond requirement." *N. Am.'s Bldg. Trades Unions* v. *Dep't of Def.*, 783 F. Supp. 3d 290, 315 (D.D.C. 2025); *see, e.g.*, *Vera Inst. of Justice* v. *DOJ*, 2025 WL 3516156, at *2 (D.D.C. July 21, 2025) (waiving bond where "the court's injunction does not require expenditure of public funds that the government might not be able to recoup"); *P.J.E.S. ex rel. Escobar Francisco* v. *Wolf*, 502 F. Supp. 3d 492, 520 (D.D.C. 2020) (recognizing "the discretion to require no bond at all").

Pursuant to Local Civil Rule 7(m), counsel for Plaintiffs states that this motion is filed concurrently with Plaintiffs' complaint and that it was not possible to timely identify counsel for Defendant to meet and confer. Plaintiffs have contacted the Office of the Attorney General at oagserviceofprocess@dc.gov to request a meet-and-confer regarding this motion. Defendant's position on this motion is thus not known.

For these reasons, and those set forth in Plaintiffs' accompanying memorandum and materials, Plaintiffs respectfully request that the Court grant this Motion and enter the accompanying proposed order.

Date: October 14, 2026

Respectfully submitted,

/s/*Lucas C. Townsend*
Lucas C. Townsend (D.C. Bar No. 1000024)
Joshua S. Lipshutz (D.C. Bar No. 1033391)
Morgan L. Ratner (D.C. Bar No. 1026987)
(admission application forthcoming)
Aaron M. Smith (D.C. Bar No. 888314520)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500

Michael Holecek (*pro hac vice* forthcoming)
Jonathan N. Soleimani (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7761

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 14, 2026, the foregoing was filed with the Court's electronic filing system, which will send electronic notice of this filing to all counsel of record. I further certify that the foregoing motion was emailed to oagserviceofprocess@dc.gov, pursuant to the District of Columbia Office of the Attorney General's instructions setting forth the preferred method for serving the District.

/s/ *Lucas C. Townsend*
Lucas C. Townsend